## No. 6178.

### FRANK H. NEAL vs. VALENTINE FAGGERT ET AL.

Plaintiff sues to annul a judgment against the succession of his father. Among other pleas defendant set up that of *res judicata*. That plea must prevail. The claim of a creditor of a succession established by a judgment obtained against the executor after a *contestatio litis* can not afterward be examined at the suit of the heirs, but must be classed as a liquidated debt of the succession.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *T. C. Manning*, for plaintiff and appellant. *James G. White*, for defendants and appellees.

TALIAFERRO, J. The plaintiff, the sole heir of his father, Merady Neal, who died in the year 1857, sues to annul a judgment rendered against the succession of his father in favor of the heirs of John Franklin. He represents that at the time of his father's death the plaintiff in this suit was a minor, that his mother became his tutrix, and was also appointed administratrix of the succession. The grounds taken by the plaintiff in this action are that the administratrix of the estate on the first of January, 1862, executed a promissory note for $3396 50 in favor of John Franklin, for overseer's wages due him for the years 1857, 1858, 1859, 1860, and 1861, and a note given first of June, 1864, for balance due for overseer's wages. He alleges that the representative of his father's estate could not legally bind it by giving these notes upon which is founded the judgment sought to be annulled. He further alleges that the claim of Franklin was in great part prescribed at the time of its ac-

Neal vs. Faggert.

knowledgment, and he pleads prescription against it; that no part of the indebtedness for which the notes were given was the debt of petitioner's father, who had died five years before they were given, and that the administratrix was legally without authority to carry on the plantation at the expense and risk of the intestate, and without authority to incumber the property with debts incurred in cultivating it.

The defendants filed an exception that the petition sets forth no cause of action, because it does not allege that the judgment attacked was obtained through error or fraud. They further plead *res judicata*, and the prescription of one, two, three, four, and five years against plaintiff's action. There was judgment in the lower court in favor of the defendants, and plaintiff appeals.

We think the plea of *res judicata* should be sustained. In the matter of the Succession of D'aunoy, 3 An., p. 36, it was declared that "the claim of a creditor of a succession established against the executor after a *contestatio litis* can not afterward be examined at the suit of the heirs, but must be classed as a liquidated debt of the succession." See, also, 14 An., p. 231.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Rehearing refused.